MONACO, J.,
concurring.
I fully concur with the opinion of the majority. I write only because I am very disturbed by the actions of plaintiffs counsel below. It is not because I believe that counsel did anything unethical. Rather it is because I am concerned with the level of professionalism shown by him. I do not know Mr. Alpizar, but it appears from his approach to this case that he is a zealous advocate. This makes the actions he took on behalf of his client all the more disappointing.
The entire letter and e-mail dance orchestrated by plaintiffs counsel had as its rather transparent motive the goal of putting the insurance carrier in a position where it could not offer up the policy limits prior to suit, unless it did so without having a medical consultation that it had confidence in. This was about as thinly disguised a bad faith trap as is imaginable. So what’s the harm? Beyond the fact that the carrier was denied the opportunity to offer its policy limits in advance of suit, and thus to avoid a potential bad-faith claim, it put the civil justice system in general, and the defendant in particular, through a completely unnecessary trial. Moreover, since the recovery was 46 times the policy limits, a bad-faith suit is undoubtedly on the horizon. We ought not to encourage such behavior.
There is a difference between ethical and professional. I have always conceived of ethics as the minimum standard, the floor level, of behavior that should be expected of a lawyer. Professionalism is something beyond that. Although the advocacy of counsel for the plaintiff was zealous, “zeal cannot give way to unprofession-alism .... ” See Thomas v. City of North Las Vegas, 122 Nev. 82, 127 P.3d 1057, 1067 (2006). There is a divide that must be recognized. Being professional means acting with civility, fairness, grace and honor, and in the best interests of our system of justice. It’s the kind of thing that makes a kid look up and say, I want to be a lawyer. I hope no kid wants to emulate what we saw in this case.